**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

| | | |
|---|---|---|
| **LOUIS OKON** | § | |
| *Plaintiff*, | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO. 6:24-cv-00224** |
| | § | |
| **HIDE-A-WAY LAKE CLUB, INC.,** | § | |
| *Defendant*. | § | |

**THE CLUB'S MOTION TO DISMISS PURSUANT TO FEDERAL RULES OF
CIVIL PROCEDURE 12(b)(1) AND 12(b)(6) AND BRIEF IN SUPPORT THEREOF**

Pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), Defendant, Hide-A-Way Lake Club, Inc. ("**The Club**"), respectfully files this Motion to Dismiss and Brief in Support Thereof.

**I.
INTRODUCTION AND SUMMARY OF ARGUMENT**

1.      Plaintiff Louis Okon's ("**Okon**") claims must be dismissed because this Court lacks subject-matter jurisdiction and because Okon h-as failed to state a claim upon which relief can be granted. Briefly, Okon is a resident of the City of Hideaway, Texas (the "**City**") and owns a lakefront home on Middle Lake in the Club. *See* ECF #1, ¶ 24. Middle Lake is located within The Club. *See id.* Okon complains about recent Club rules for water recreation.

2.      In his Original Complaint, Okon alleges The Club, a homeowner's association of which Okon is a member, recently enacted two rules which prevent him from using his boat and wake-surfing on Middle Lake. *Id.*, ¶ 38; *see also* Ex. A, ¶ 8(h). In an effort to challenge these rules so that he and his family can continue-wake surfing, Okon has dressed up his opposition to The Club's rules in federal clothes and filed this Section 1983 lawsuit, contending, ***quite incredibly***, that The Club, through its enactment of the challenged homeowner's association rules, has violated the U.S. Constitution by depriving him of his constitutional right to drive his boat and wake-surf.

Claims as frivolous as these are precisely the types of claims Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) were designed to eliminate.

3.      Okon's claims must be summarily dismissed for several reasons. First, Okon has not plausibly alleged *any* facts demonstrating that The Club is a state actor, acted together with state officials, or obtained significant aid from state officials in enacting the challenged rules, nor has Okon plausibly alleged the challenged conduct is otherwise attributable to the State of Texas or the City. To the contrary, as the attached Affidavit of Joan Hayes explains, The Club is a homeowner's association that enacted the challenged rules without any intervention by or assistance from the City, and the City owns no property within The Club's boundaries.

4.      Even Okon allege a violation of the Equal Protection, Due Process, or Commerce Clauses. Specifically, he fails to plausibly allege that the challenged rules contain a discriminatory classification or that such classification, to the extent one even exists, is not rationally related to a legitimate state interest, that the rules are unconstitutionally vague or deprive him of a protected interest, or that the rules discriminate against interstate commerce.

5.      Okon's state constitutional claims also fail because the Texas Constitution's Bill of Rights does not provide a private right of action for damages, and because Okon fails to allege sufficient facts to show a violation of the Bill of Rights. Finally, because Okon fails to plausibly allege a single constitutional violation, his claims for declaratory and injunctive relief also fail. For these reasons, The Club requests that all Okon's claims be dismissed *with prejudice*.

**II.**
**STATEMENT OF ISSUES PURSUANT TO LOCAL RULE CV-7(a)(1)**

Pursuant to Local Rule CV-7(a)(1), the issues to be decided by this Court are as follows:

(1)      Whether this Court lacks subject-matter jurisdiction to hear Okon's claims;

(2)     Assuming this Court has subject-matter jurisdiction to hear Okon's claims, whether

Okon pleads sufficient facts to support a violation of the Equal Protection Clause;

(3)     Assuming this Court has subject-matter jurisdiction to hear Okon's claims, whether

Okon pleads sufficient facts to support a violation of the Due Process Clause;

(4)     Assuming this Court has subject-matter jurisdiction to hear Okon's claims, whether

Okon pleads sufficient facts to support a violation of the Commerce Clause;

(5)     Whether Okon's claims for violation of Section 19 of the Texas Constitution's Bill

of Rights are cognizable; and

(6)     Whether Okon pleads sufficient facts to support a violation of Section 19 of the

Texas Constitution's Bill of Rights.

## III.
## STANDARD OF REVIEW

6.      Federal Rule of Civil Procedure 12(b)(1) authorizes dismissal of a case for lack of

subject-matter jurisdiction where the court lacks statutory and constitutional power to adjudicate the

case. *See Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998).

The standard for reviewing a Rule 12(b)(1) motion to dismiss depends upon whether the defendant

makes a facial or a factual challenge to the complaint. *Ramming v. U.S.*, 281 F.3d 158, 161 (5th Cir.

2001). When the defendant makes a facial attack by challenging jurisdiction based exclusively on the

allegations in the complaint, the plaintiff's allegations are presumed to be true. *O'Rourke v. U.S.*, 298

F. Supp. 2d 531, 534 (E.D. Tex. 2004). However, when the defendant makes a factual attack by

offering evidence challenging the court's jurisdiction, the plaintiff must submit facts in support of the

court's jurisdiction. *Middle S. Energy, Inc. v. City of New Orleans*, 800 F.3d 488, 490 (5th Cir. 1986).

7.      A Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief can

be granted tests both the legal and factual sufficiency of a complaint. *See Whiddon v. Chase Home*

*Fin., LLC*, 666 F. Supp. 2d 681, 685 (E.D. Tex. 2009). To survive a motion to dismiss under Rule 12(b)(6), a complaint must contain enough facts, accepted as true, "to state a claim to relief that is plausible on its face[,]" and must plead those facts with enough specificity "to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007). In deciding a Rule 12(b)(6) motion, the court "accepts all well-pleaded facts as true, viewing them in the light most favorable to the [plaintiff]." *In re Katrina Canal Breaches Litig.*, 493 F.3d 191, 205 (5th Cir. 2007). However, conclusory allegations or legal conclusions masquerading as factual conclusions, which the court is not required to accept as true, will not suffice to prevent dismissal. *Jefferson v. Lead Indus. Ass'n, Inc.*, 106 F.3d 1245, 1250 (5th Cir. 1997).

## IV.
## ARGUMENTS AND AUTHORITIES

**A.     Okon's Claims Fail Because The Club Is Not a State Actor; Thus, There Is No Subject-Matter Jurisdiction.**

8.      Okon's claims are all grounded in Section 1983, which creates a private cause of action for persons whose federal rights have been violated by state actors acting under the color of law. *See* 42 U.S.C. § 1983; *see also Victoria W. v. Larpenter*, 369 F.3d 475, 482 (5th Cir. 2004). Okon's claims "manifestly fail[]" unless The Club is a state actor. *Hutton v. Shamrock Ridge Homeowners Ass'n*, 2009 WL 2009 WL 4796626, at *2 (N.D. Tex. Dec. 14, 2009). Importantly, district courts within the Fifth Circuit have generally held that homeowner's associations, like The Club, are not state actors unless the State is "pervasively entwined" in their management and operations or there is a "close nexus" between the State and the challenged conduct. *See, e.g., id.*, at *5-6; *Reule v. Sherwood Valley I Council of Co-Owners, Inc.*, 2005 WL 2669480, at *5 (S.D. Tex. Oct. 19, 2005); *see also Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295 (2001) (observing that "state action may be found if, *though only if*, there is such a **close**

**nexus** between the State and the challenged action that seemingly private behavior may be fairly treated as that of the State itself") (emphasis added).

9.      In his Original Complaint, Okon alleges the following in support of contention that The Club is a state actor:

- "The Club is a 'state actor,' its conduct is fairly attributable to the state, and its acts under color of law." ECF #1, ¶ 9.

- "The City is completely entwined with and governed by the Club." *Id.*, ¶ 16.

- "The City and the Club both list their principal place of business as 101 Hideaway Lane Central, Hideaway, Texas 75771." *Id.*, ¶ 17.

- "The City has no employees. All management, security, and common property maintenance is handled by the Club." *Id.*, ¶ 19.

- "The City does not provide a police department. Instead, security personnel employed by the Club patrol the streets and protect the safety of City residents. The provision of police protection is a governmental function under Texas law. *See* TEX. CIV. PRAC. & REM. CODE § 101.0215(a)(1)." *Id.*, ¶ 21.

- "The City does not provide emergency health services. Instead, the Club provides EMT services to City residents. The operation of emergency ambulance service is a governmental function under Texas law. *See* TEX. CIV. PRAC. & REM. CODE § 101.0215(a)(18)." *Id.*, ¶ 22.

- "The City has endowed the Club with powers and functions governmental in nature, such as maintaining parks and recreational facilities, supplying security personnel to patrol City streets, and providing emergency health services. *See* TEX. CIV. PRAC. & REM. CODE § 101.0215(a)." *Id.*, ¶ 23.

Not only are these allegations mostly conclusory, they also do not plausibly establish the "pervasive entwinement" that is required to transform The Club from a private corporation to a state actor. For example, there are no nonconclusory allegations that all The Club's decisions are subject to final City approval, nor are there any allegations the City funds or otherwise financially supports any of The Club's services. At best, Okon's allegations merely establish that The Club provides certain amenities to its members (e.g., security) that the City could also

provide.[1] However, there is nothing inherently "governmental" about these amenities, and the fact that The Club, like numerous other homeowner's associations across the nation, provides such amenities to its members does not mean it somehow becomes an agent of the government by doing so.

10.     Moreover, Okon does not plausibly allege a "close nexus" between the City and the challenged rules. Indeed, the "Factual Background" section of his Original Complaint is nearly *completely devoid* of any allegations regarding the City. To the contrary, Okon's allegations, even when read in the light most favorable to him, reflect that The Club adopted the rules solely in response to complaints from its members, who claimed that wake-surfing on the lakes in The Club was causing damage to their property. *Id.*, ¶ 32. That one of the complainants may have been a former mayor of the City, as Okon alleges, does not and cannot transform The Club's enactment of the rules into state action.

11.     Finally, as the attached Affidavit of Joan Hayes shows, several of the allegations on which Okon relies to argue The Club is a state actor are quite simply false.[2] For one, the City does not own any property within The Club's boundaries, and it is The Club, not the State or the City, that owns the three lakes to which the challenged rules apply. *See* Exhibit A, ¶¶ 10(a)-(b). The City also has no contractual, operational, or financial involvement in The Club's provision of security and emergency medical services to its members; The Club pays for these services through membership dues, assessments, and/or subscription fees. *Id.*, ¶¶ 10(d)-(e). The City was also not involved in drafting or enacting the two rules Okon complains of in this lawsuit: the first rule was

---

[1]     These allegations are recited for purposes of The Club's Motion to Dismiss only. Referencing and characterizing these allegations does not waive The Club's right to contest them later.

[2]     The Club relies on the Affidavit of Joan Hayes solely in support of its motion to dismiss Okon's claims under Federal Rule of Civil Procedure 12(b)(1). *See Middle S. Energy, Inc. v. City of New Orleans*, 800 F.3d 488, 490 (5th Cir. 1986) (observing that a defendant is allowed to rely on evidence to attack a plaintiff's jurisdictional allegations).

enacted by The Club board of directors, while the second rule was enacted after a majority of The Club's members voted in favor it. *Id.*, ¶ 10(g). It is undisputed Okon became a member of The Club on November 21, 2006 and agreed to ". . . be bound by the [The Club's Bylaws, rules and regulations] as they now exist or thereafter may be amended . . ." *Id.*, ¶ 8(h).

12.     Finally, and perhaps most importantly, the City is wholly separate and independent from The Club; the management of the City is conducted through its mayor and city council, while The Club operates through its board of directors. *Id.*, ¶¶ 10(a)-(b). Accordingly, because Okon fails to plausibly allege that The Club is a state actor, his claims fail as a matter of law and must be dismissed for lack of subject matter jurisdiction.

**B.     Okon Fails to Plausibly State Any Federal Constitutional Claims.[3]**

**1.     *Okon fails state a claim for violation of the Equal Protection Clause.***

13.     "The Equal Protection Clause . . . commands that no State shall 'deny to any person within its jurisdiction the equal protection of the laws.'" *Nordlinger v. Hahn*, 112 S. Ct. 2326, 2331 (1992). Importantly, the Equal Protection Clause does not forbid classifications; it simply keeps governmental decisionmakers from treating differently persons who are in all relevant respects the same. *Id.* (citing *F.S. Royster Guano Co. v. Virginia*, 40 S. Ct. 560, 561 (1920)). As a general rule, "legislation is presumed to be valid and will be sustained if the classification drawn by the statute is rationally related to a legitimate state interest." *City of Cleburne, Tex. v. Cleburne Living Ctr.*, 105 S. Ct. 3249, 3254 (1985). A statute is rationally related to a legitimate state interest if there is a "plausible policy reason" for the classification, the legislative facts upon which the classification is based "rationally may have been considered to be true by the governmental decisionmaker," and

---

[3]     By addressing the merits of Plaintiff's arguments, The Club in no way concedes that it is a state actor within the meaning of Section 1983 and in fact expressly contends it is not.

the relationship of the classification to its objective is "not so attenuated as to render the distinction

arbitrary or irrational." *Nordlinger*, 112 S. Ct. at 1332.

        14.      The two rules Okon seemingly challenges are:

        a.      All boats 22' and larger, with the exception of pontoons, with V-Shaped Hull or similar configurations, and boats that produce artificial wake enhancement with the use of any mechanical/technology features such as bladders, ballasts, fins, trim, tabs, surf tabs, or any means of weight distribution or otherwise causing a boat to operate in a bow-high manner shall be strictly prohibited on all Hideaway Lakes. All existing registered boats as of the final date of the Board of Directors approval, are grandfathered until the boat is sold, transferred or the member moves out of Hide-A-Way Lake Club.

        b.      Wake surfing and the artificial enhancement of waves by any means is prohibited on all Hideaway Lakes.

*See* ECF #1, ¶ 38. These rules are neutral on their face and contain no discriminatory classification:

the ban on wake surfing and use of certain types of watercraft on Hideaway lakes applies to ***all*** of

The Club's members. However, even if the Court finds that the rules are discriminatory, they

clearly survive rational basis review. As Okon's own allegations admit, the rules were enacted to

prevent further damage to various seawalls located around The Club's lakes. *See id.*, ¶ 32. The ban

on wake-surfing, use of large watercraft, and artificial enhancement of waves on The Club's lakes

is rationally related to this purpose because, by banning these activities, there will likely be smaller

waves and thus a reduced likelihood that the seawalls will suffer erosion. The fact that wake surfing

may not have a greater detrimental impact on seawalls than other water sports, as Okon argues,

does not render the rules irrational or unreasonable, as a law can prohibit some harms of a certain

type without prohibiting all of them under the Equal Protection Clause. *Ry. Express Agency, Inc.

v. New York*, 336 U.S. 106, 110 (1949) ("[T]he fact that New York City sees fit to eliminate from

traffic this kind of distraction but does not touch what may be even greater ones in a different

category . . . is immaterial. It is not a requirement of equal protection that all evils of the same

genus be eradicated or none at all."). Accordingly, Okon's equal protection claim also fails and must be dismissed.

### 2.    *Okon fails to state a claim for violation of the Due Process Clause.*

15.    Okon asserts two due process claims against The Club: (1) a substantive due process claim based on The Club's alleged deprivation of a constitutionally-protected interest; and (2) a procedural due process claim based on Okon's argument that the challenged rules are unconstitutionally vague. Like his equal protection claim, both of Okon's due process claims are meritless and will be addressed in turn.

#### (a)    <u>Okon fails to state a substantive due process claim</u>.

16.    To state a viable substantive due process claim, Okon must plausibly allege that The Club deprived him of a constitutionally-protected liberty or property interest and that the deprivation was not "rationally related to a legitimate government interest." *Mikeska v. City of Galveston*, 451 F.3d 376, 379 (5th Cir. 2006). He must also allege conduct that is "so egregious . . . that it may fairly be said to shock the contemporary conscience." *Cripps v. La. Dep't of Ag. & Forestry*, 819 F.3d 221, 232 (5th Cir. 2016) (internal quotation marks and citations omitted). To meet the "shocks the conscience" standard, Plaintiff must demonstrate culpability beyond mere negligence or gross negligence. *Conner v. Travis Cty.*, 209 F.3d 794, 796 (5th Cir. 2000).

17.    Okon alleges he has liberty and/or property interests in his lakefront home, his boat, his wake-surfing board, and "his right to engage in recreational activities" in Hideaway. ECF #1, ¶ 85. The Club does not dispute that Okon has property interests in his lakefront home, his boat, and his wake-surfing board. However, the Original Complaint is devoid of any allegation that The Club seized, confiscated, or otherwise deprived Okon of these items. Moreover, to the extent Okon argues that the challenged rules deprive him of his right to use his boat on Middle Lake or any other lake in Hideaway, this argument is undermined by his own allegations: the rule barring the

use of V-shaped boats twenty-two feet in length or greater on Hideaway lakes exempts boats that were registered before the rule's effective date—Okon purchased his boat before the date of the rule. *Id.*, ¶ 28. Okon has not been deprived the use of his boat.

18.    As to Okon's argument that he has a protected interest in "his right to engage in recreational activities" in Hideaway, he fails to provide any support for this proposition. The U.S. Supreme Court has long held that property and liberty interests stem from an "independent source," such as a state statute or a contract. *See Gilbert v. Homar*, 420 U.S. 924, 933 (1997). Okon does not identify any law, rule, or provision that grants him a right to engage in recreational activities; rather, he merely alleges that he and his family have been wake-surfing in Hideaway for almost a decade. ECF #1, ¶ 31. However, Okon's unilateral expectation that he would continue to be able to wake-surf is insufficient to create a protected interest. *See Bd. of Regents of State Colls. v. Roth*, 408 U.S. 564, 577 (1972) ("To have a property interest in a benefit, a person . . . must have more than a unilateral expectation of it. He must, instead, have a legitimate claim of entitlement to it."). Regardless, even if Okon has adequately pleaded a protected interest, which he has not, and that he has been deprived of that interest, which he has not, the challenged rules are justified by The Club's legitimate interest in preventing erosion to the seawalls around its lakes.

19.    Finally, not only does Okon fail to adequately plead the "protected interest" and "deprivation" elements of his substantive due process claim, but he also fails to allege any conduct that can fairly be said to "shock the contemporary conscience." *Cripps*, 819 F.3d at 232. Rather, he merely alleges that The Club, following complaints by its members, enacted the challenged rules to prevent erosion of the seawalls around Hideaway's lakes, allegedly without considering evidence undermining these complaints, including evidence presented by Okon. This can hardly

be said to be the kind of egregious and outrageous behavior that "violates the decencies of civilized conduct." *Cty. of Sacramento v. Lewis*, 118 S. Ct. 1708, 1717 (1998) (internal quotation marks omitted). Because Okon has not plausibly pleaded the elements of his substantive due process claim, it fails and must be dismissed.

          (b)     <u>*Okon fails to state a procedural due process claim*</u>.

20.     Okon contends the challenged rules are, on their face, unconstitutionally vague and thus violate his procedural due process rights. In a facial challenge to the vagueness of a law, a court must determine whether the law reaches a "substantial amount of constitutionally protected conduct." *Baggett v. Bullitt*, 377 U.S. 360, 372 (1964). The court should then examine the facial vagueness challenge, and, assuming the law implicates no protected conduct, should invalidate the law only if it "is impermissibly vague in all of its applications." *U.S. v. Mazurie*, 419 U.S. 544, 550 (1975); *see also U.S. v. Nat'l Dairy Prods. Corp.*, 327 U.S. 29, 32-33 (1963) (observing that "[v]oid for vagueness simply means that criminal responsibility should not attach where one could not reasonably understand that his contemplated conduct is proscribed").

21.     Here, as set forth above, the challenged rules do not implicate ***any*** constitutionally protected conduct, let alone a ***substantial amount*** of protected conduct; they merely regulate the ability of members to wake-surf or drive large watercraft on Hideaway's lakes. Moreover, Okon makes no nonconclusory arguments to support his vagueness claim: he merely asserts that the rules are vague. *See* ECF #1, ¶¶ 71-81. Okon is wrong: the rules clearly and plainly prohibit the use of V-shaped boats twenty-two feet in length or greater, wake-surfing, and other artificial wave enhancement. This language gives more than sufficient notice to Okon as to what water activity is restricted. Indeed, Okon filed this lawsuit precisely because he understands that the rules prevent

him from wake-surfing. *See, e.g.*, *id.*, ¶ 42. Because Okon fails to meet the elements of his procedural due process claim, it must be dismissed.

### 3. *Okon fails to state a claim for violation of the Commerce Clause.*

22.     Okon contends the challenged rules violate the dormant Commerce Clause, which "prevents the States from adopting protectionist measures and thus preserves a national market for goods and services." *Tenn. Wine & Spirits Retailers Ass'n v. Thomas*, 139 S. Ct. 2449, 2459 (2019) (quoting *New Energy Co. of Ind. v. Limbach*, 108 S. Ct. 1803 (1988)). To determine whether a law violates the dormant Commerce Clause, a court must ask whether it discriminates against interstate commerce. *Or. Waste Sys., Inc. v. Dep't of Env't Quality of Or.*, 114 S. Ct. 1345, 1350 (1994). A discriminatory law is "virtually *per se* invalid" and will pass constitutional muster only if it "advances a legitimate local purpose that cannot be adequately served by reasonable nondiscriminatory alternatives." *Id.* Absent discrimination against interstate commerce, a law "will be upheld unless the burden imposed on [interstate] commerce is clearly excessive in relation to the putative local benefits. *Pike v. Bruce Church, Inc.*, 397 U.S. 137, 142 (1970).

23.     The rules neither facially nor indirectly discriminate against interstate commerce; they apply to all watercraft *regardless* of their place of manufacture. Thus, Okon's allegation that his wake-surfing boat, which he alleges was manufactured in Orlando, Florida, was sold to him through interstate commerce is a non-sequitur because it does not matter where the boat was manufactured. ECF #1, ¶ 27. Okon also fails to plausibly allege that the burdens imposed by the rules on interstate commerce are excessive relative to their benefits. Indeed, it is unlikely he will *ever* be able to make this demonstration because the rules only apply to The Club's members and regulate a limited category of conduct on a few privately-owned lakes. Okon's dormant Commerce Clause claim fails and must be dismissed.

**C.      Okon Fails to Plausibly State Any State Constitutional Claims.**

24.      In addition to his Section 1983 claims, Okon also seemingly contends that The Club's actions violate Section 19 of the Texas Constitution's Bill of Rights, which is known as the Due Course Clause. *See Honors Acad., Inc. v. Tex. Educ. Agency*, 555 S.W.3d 54, 60-61 (Tex. 2018). These claims fail for two reasons. First, the Supreme Court of Texas has held that the Texas Constitution's Bill of Rights does not provide a private right of action for damages. *See, e.g., City of Elsa v. M.A.L.*, 226 S.W.3d 390, 391 (Tex. 2007); *City of Beaumont v. Bouillon*, 896 S.W.2d 143, 148-49 (Tex. 1995). Thus, to the extent Okon is seeking damages for a violation of Section 19, his claims fail as a matter of law.

25.      Second, because the Due Course Clause of the Texas Constitution's Bill of Rights is "nearly identical" to the federal Due Process Clause, the Supreme Court of Texas has generally followed contemporary federal interpretations of due process issues to determine whether the Due Course Clause has been violated. *See Honors Acad.*, 555 S.W.3d at 61. As articulated above, Okon fails to state a federal due process claim, and thus any claims he asserts against The Club based on an alleged violation of the Due Course Clause should likewise be dismissed for failure to state a claim upon which relief can be granted.

**D.      If the Court Dismisses Okon's Federal and State Constitutional Claims, It Must Also Dismiss His Claims for Declaratory and Injunctive Relief.**

26.      Finally, if this Court dismisses Okon's constitutional claims, either for lack of subject-matter jurisdiction or for failure to state a claim upon which relief can be granted, it should also dismiss Okon's claims for declaratory and injunctive relief because those claims are based on violations of the U.S. Constitution and the Texas Constitution's Bill of Rights.

**V.**
**CONCLUSION AND PRAYER**

For these reasons, Defendant Hide-A-Way Lake Club, Inc. respectfully requests that the Court grant its Motion to Dismiss, dismiss each of Plaintiff Louis Okon's claims asserted against it ***with prejudice***, and grant any and all other and further relief to which it may show itself to be justly entitled.

Respectfully submitted,

**THOMPSON, COE, COUSINS & IRONS, LLP**

By: */s/ James L. Sowder*
     James L. Sowder
     State Bar No. 18863900
     jsowder@thompsoncoe.com
     R. Stephen Earnest
     State Bar No. 24133487
     searnest@thompsoncoe.com

Plaza of the Americas
700 N. Pearl Street, 25th Floor
Dallas, Texas 75201-2832
Telephone:    (214) 871-8200
Facsimile:    (214) 871-8209

-and-

**CARROLL MALONEY HENRY & NELSON, PPLC**

By: */s/ Collin M. Maloney*
     Otis W. Caroll
     State Bar No. 03895700
     otis@cmhnlaw.com
     Collin M. Maloney
     State Bar No. 00794219
     collin@cmhnlaw.com
     Mandy C. Nelson
     State Bar No. 24055270
     mandy@cmhnlaw.com

1327 Dominion Plaza, Suite 100
Tyler, Texas 75703
Telephone:    (903) 561-1600

**Attorneys for Defendant**
**Hide-A-Way Lake Club, Inc.**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that, on July 15, 2024, a true and correct copy of the foregoing document was served upon all known parties in accordance with the Federal Rules of Civil Procedure.

/s/ James L. Sowder
James L. Sowder