IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| LOUIS OKON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 6:24-cv-00224 |
| | ) |
| HIDE–A–WAY LAKE CLUB, INC., | ) |
| | ) |
| Defendant. | ) |

**PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS**

PLAINTIFF LOUIS OKON ("Okon" or "Plaintiff") submits its response to Defendant's Motion to Dismiss [Doc. 6]. In support, Plaintiff states as follows:

**ARGUMENT AND AUTHORITIES**

**I.   STANDARD OF REVIEW**

When evaluating a motion to dismiss for failure to state a claim under Rule 12(b)(6), the complaint must be liberally construed in favor of the plaintiff and all facts pleaded therein must be taken as true. *See Leatherman v. Tarrant Cnty. Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 164 (1993); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). Although Federal Rule of Civil Procedure 8 mandates only that a pleading contain a "short and plain statement of the claim showing that the pleader is entitled to relief," this standard demands more than unadorned accusations, "labels and conclusions," "a formulaic recitation of the elements of a cause of action," or "naked assertion[s]" devoid of "further factual enhancement." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

Rather, a complaint must contain sufficient factual matter, accepted as true, to state

a claim to relief that is plausible on its face. *Id.* at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Throughout this process, the court "must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007).

## I. THE COMPLAINT ALLEGES FACTS SUFFIENT TO ESTABLISH THAT THE CLUB IS A STATE ACTOR.

Conduct that is formally 'private' may become so entwined with governmental policies or so impregnated with a governmental character as to become subject to the constitutional limitations placed upon state action. *See, Evans v. Newton,* 382 U.S. 296, 86 S.Ct. 486, 15 L.Ed.2d 373 (1966). A town may be privately owned and managed, but that does not necessarily allow the company to treat it as if it were wholly in the private sector. Thus, the United States Supreme Court held in *Marsh v. State of Alabama*, 326 U.S. 501, 66 S.Ct. 276, 90 L.Ed. 265, that the exercise of constitutionally protected rights on the public streets of a company town could not be denied by the owner. A State is not justified, we said, in 'permitting a corporation to govern a community of citizens so as to restrict their fundamental liberties.' *Id.*, at 509, 66 S.Ct. at 280. The Supreme Court has also held that where a State delegates an aspect of the elective process to private groups, they become subject to the same restraints as the State. *Terry v. Adams*, 345 U.S. 461, 73 S.Ct. 809, 97 L.Ed. 1152. That is to say, when private individuals or groups are endowed by the State with powers or functions governmental in nature, they become agencies or instrumentalities of the State and subject to its constitutional limitations.

Here, the Complaint sufficiently alleges that the City of Hideaway has wholly delegated its governmental functions to the Club, thereby making the Club a state actor. *See Complaint*, ¶¶ 9-23.

## II. THE COMPLAINT ALLEGES FACTS SUFFIENT TO ASSERT VIOLATIONS OF EQUAL PROTECTION, DUE PROCESS, AND COMMERCE CLAUSES.

The Complaint likewise sufficiently asserts claims under the equal prot4ection, due process, and commerce clauses. The Complaint clearly alleges that there is no rational basis for the challenged rules, and also alleges that the rules affect interstate commerce. *See Complaint*, ¶¶ 43-121.

## III. PLAINTIFF REQUESTS THAT THE COURT ALLOW DISCOVERY REGARDING THE CLUB'S STATUS AS A STATE ACTOR AND WHETHER A RATIONAL BASIS EXISTED FOR THE CLUB'S ACTIONS.

Plaintiff requests that the court allow discovery regarding the club's status as a state actor and whether a rational basis existed for the club's actions.

## IV. PLAINTIFF REQUESTS AN OPPORTUNITY TO REPLEAD.

In the event the Court determines that Plaintiff has not sufficiently pleaded any of the asserted causes of action, Plaintiff respectfully requests an opportunity to replead.

Respectfully submitted,

s/*Melanie Kemp Okon*
Melanie Kemp Okon
Texas Bar No. 24012951
GUM, PUCKETT, MACKECHNIE
 COFFIN & MATULA, LLP

105 North Hudson, Suite 900<br>
Oklahoma City, Oklahoma 73102<br>
Telephone: 405.488.1212<br>
Facsimile: 405.488.1216<br>
mkemp@gpmlegal.net

**ATTORNEYS FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

I hereby certify that, on August 12, 2024, a true and correct copy of the foregoing document was served upon all known parties in accordance with the Federal Rules of Civil Procedure.

_____
Melanie Kemp Okon