IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| **LOUIS OKON** | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 6:24-cv-00224 |
| | § | |
| **HIDE-A-WAY LAKE CLUB, INC.,** | § | |
| *Defendant*. | § | |

## THE CLUB'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 12(b)(1) AND 12(b)(6)

Defendant Hide-A-Way Lake Club, Inc. ("**The Club**") submits this Reply Brief in support of its Motion to Dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) (the "**Motion**").

### I.
### SUMMARY OF REPLY

1. Plaintiff Louis Okon's ("**Okon**") conclusory three-page response demonstrates the frivolous nature of his claims against The Club and exposes his lawsuit to be what is clearly an attempt to usurp, through litigation, a private homeowner's association process for promulgating rules with which he disagrees. Not only does Okon *completely fail* to dispute The Club's jurisdictional evidence or *plausibly argue* that he has stated a claim under the U.S. or Texas Constitutions, but he has the misguided assumption that further, nonspecific discovery as to the "state actor" theory can possibly lead to a different interpretation of the unchallenged evidence, i.e., that The Club's rules prohibiting wake surfing on a private lake by a homeowner's association have any relationship to a governmental function. No further discovery is warranted or necessary.

2. The Court should flatly reject Okon's arguments and dismiss his claims against The Club *with prejudice*. First, rather than submit any facts to support his specious claim that The Club is a "state actor," Okon instead briefly references two inapplicable U.S. Supreme Court cases and

restates the same conclusory argument that the City of Hideaway (the "**City**") has wholly delegated its governmental functions to The Club—a fact that is totally false. Indeed, as demonstrated by the Affidavit of Joan Hayes, as well as the arguments made in the Motion, not only has the City not delegated *any* of its governmental functions to The Club, Plaintiff's Original Complaint and his response to the Motion regarding the "state actor" doctrine utterly fail to show a nexus between the complained-of activity (i.e., regulating boats on a private lake) and alleged governmental functions that have been delegated to The Club. Instead, Plaintiff merely creates a laundry list of functions he alleges (often erroneously) that the Club performs, and erroneously concludes that those same functions would/should be performed by the City, and concludes further still that the City in fact has delegated those functions to The Club. Both conclusions are false.

3.      Second, Okon fails to plausibly counter *any* of the arguments The Club makes as to his constitutional claims. Therefore, even if the Court finds that Okon has plausibly stated that The Club is a state actor (which he has not), it should nonetheless dismiss these claims for the reasons set forth in the Motion as Okon has failed to respond.

4.      Third, despite submitting no facts whatsoever in support of his allegation that The Club is a state actor, Okon seemingly moves the Court for an order that would allow him to conduct discovery into this issue, as well as into the issue of whether there exists a rational basis to support the promulgation of the challenged rules (the "**Rules**"). The Court should deny this motion because Okon has not, and cannot, articulate any basis as to why such discovery is necessary. Finally, the Court should deny Okon's request to amend his pleadings because, as the arguments demonstrate, no amendment would cure the obvious jurisdictional defects with his claims.

## II.
## ARGUMENTS AND AUTHORITIES

**A.     Okon Fails to Submit Any Facts to Support His Jurisdictional Claims.**

5.     As set forth in the Motion, when a defendant attacks a plaintiff's assertion of subject matter jurisdiction by offering evidence challenging such jurisdiction, the plaintiff must submit facts in support of the court's jurisdiction. *Middle S. Energy, Inc. v. City of New Orleans*, 800 F.3d 488, 490 (5th Cir. 1986). Here, in support of its argument that the Court lacks jurisdiction to hear Okon's claims, The Club offered the Affidavit of Joan Hayes (the "**Affidavit**"), which reflects that the material allegations on which Okon relies to argue that The Club is a state actor are factually incorrect. Not only does he fail to dispute any of the statements contained in the Affidavit, but he fails to submit any facts in support of his state action argument.

6.     Instead, Okon restates his conclusory argument that the City has wholly delegated its governmental functions to The Club and briefly cites to two inapplicable U.S. Supreme Court cases in support of this argument. *See* ECF #17, pp. 2-3. The first of these cases, *Marsh v. Alabama*, dealt explicitly with the issue of whether the State of Alabama could delegate the power to "impose *criminal punishment*" for distribution of religious literature on the premises of a company-owned town contrary to the wishes of the town's management." 326 U.S. 501, 502-03 (1946) (emphasis added). Because the State could not have legally convicted the petitioner for conducting the same constitutionally-protected activities on public property, the Court found the distinction of private ownership to be insufficient to support a criminal conviction. *Id.* at 507-08. Notwithstanding the obvious differences between the facts of *Marsh* and the facts of this case (e.g., there is no allegation that The Club has enforced or threatened to enforce the Rules through criminal prosecution or that Okon was engaging in the type of clearly constitutionally-protected conduct at issue in *Marsh*),

*Marsh* is properly understood as standing for the narrow proposition that the State cannot rely on the actions of a private entity to do indirectly what it cannot do directly.

7. The second case upon which Okon relies, *Terry v. Adams*, dealt with the issue of whether the Texas Jaybird Democratic Association (the "**JDA**"), a private political association that was created to hold primary elections and identify candidates that would run in the Democratic Party primary and general elections, could constitutionally limit its membership to white persons notwithstanding its status as a private organization. 345 U.S. 461, 470-71 (1953). Given that the State of Texas had enacted a comprehensive scheme of regulation of political primaries, including the procedures by which JDA's officials were to be chosen, that the provision and administration of elections of candidates to state office was fundamentally a governmental function, and that non-white Texans had no ability to select a Democratic candidate without being a member of JDA, the Court held that the JDA was a state actor because it was effectively doing the work of the State. *Id.*, at 475, 477. Here, in stark contrast to the facts of *Adams*, The Club has demonstrated that the Rules solely govern conduct on privately-owned lakes, that the City was not involved in drafting or enacting the Rules, and that the City has no involvement in The Club's provision of security or emergency medical services or recreational facilities to its members.

8. Thus, like *Marsh*, *Adams* is completely inapplicable to the facts of this case and has nothing to say about whether The Club is a state actor. For these reasons, as well as the reasons set forth in the Motion, the Court should dismiss Okon's claims for lack of subject matter jurisdiction.

**B.     Okon Fails to Plausibly Counter Any of The Club's Arguments as to His Federal and State Constitutional Claims.**

9. Okon also argues, in conclusory fashion, that the allegations set forth in the Original Complaint plausibly state claims under the Due Process, Equal Protection, and Commerce Clauses, without responding to any of the arguments made in the Motion. *See* ECF #17, p. 3. Accordingly,

The Club refers the Court to its previously-made arguments and asks the Court to dismiss Okon's claims for failure to state a claim under Rule 12(b)(6) should it deny The Club's 12(b)(1) motion.

C. **The Court Should Deny Okon's Request to Conduct Discovery Because Okon Fails to Articulate What Discovery Is Needed and Why It Is Necessary.**

10. Okon also seemingly moves the Court for an order that authorizes him to conduct discovery "regarding [The Club's] status as a state actor and whether a rational basis existed for [The Club's] actions." *Id.*, Notwithstanding the fact that Okon's request is procedurally improper, as it should have been brought to the Court by motion rather than in response to the Motion, Okon provides no basis as to why the requested discovery is warranted.

11. First, at the outset, the Court should flatly deny Okon's request to conduct discovery as to whether The Club had a rational basis for promulgating the Rules, as allowing him to conduct such discovery would defeat the purpose of Federal Rule 12(b)(6). *See George v. SI Grp. Inc.*, 36 F.4th 611, 619 (5th Cir. 2022) ("[A] Rule 12(b)(6) motion tests the sufficiency of the pleadings, not the merits of the case."); *Ramirez v. Guadarrama*, 2 F.4th 506, 513 (5th Cir. 2021) (Oldham, J., concurring) ("[A]ll plaintiffs—even those who want to go fishing in discovery—must plausibly plead every element of their claim to withstand Rule 12(b)(6).").

12. Second, as to Okon's request to conduct jurisdictional discovery, a party requesting jurisdictional discovery bears the burden of demonstrating its necessity and is not entitled to such discovery "if the record shows that the requested discovery is not likely to produce the facts needed to withstand a Rule 12(b)(1) motion." *Davila v. United States*, 713 F.3d 248, 264 (5th Cor. 2013) (internal citations and quotation marks omitted). Here, not only does Okon fail to dispute the sworn statements set forth in the Affidavit, which contradict the allegations on which he relies to support his argument that The Club is a state actor, but he wholly fails to identify what discovery is needed

to establish that The Club is a state actor or why such discovery is necessary in light of the evidence The Club has offered. Accordingly, the Court should deny Okon's motions to conduct discovery.

**D.      The Court Should Deny Okon's Request to File an Amended Complaint Because No Amount of Repleading Would Cure the Jurisdictional Defects with His Claims.**

13.     Finally, Okon requests, in the alternative, that the Court grant him leave to file an amended complaint to address any pleading deficiencies. Under Federal Rule of Civil Procedure 15, a court should grant a party leave to amend its pleadings unless there is a good reason to deny it, such as undue delay, undue prejudice to the other party, or futility of amendment. *See Foman v. Davis*, 371 U.S. 178, 183 (1962). An amendment is futile if the amended complaint would not survive a motion to dismiss under Federal Rule of Civil Procedure 12(b). *See Stripling v. Jordan Prod. Co., LLC*, 234 F.3d 863, 872-72 (5th Cir. 2000).

14.     Here, as the Affidavit demonstrates, and as Okon fails to dispute, the City owns no property within The Club's boundaries, has no contractual, operational, or financial involvement in The Club's provision of security and emergency medical services to its members, played no part in drafting or enacting the Rules, is wholly separate and independent of The Club, and has never endowed The Club with any governmental power or functions, much less the power or authority to implement regulations governing boat traffic on a privately owned lake subject to the exclusive control of its owner, The Club. Accordingly, because Okon's Complaint fails to show that the complained-of activity of regulation of boats on a privately owned lake is properly a function of the City, that in turn has been delegated to The Club, Okon's "state actor" allegations fail and cannot be cured by an Amended Complaint, rendering them futile. The Affidavit demonstrates that The Club is not a state actor, and because a finding of state action is required for this Court to exercise subject matter jurisdiction over Okon's constitutional claims, no amendment by Okon to

his Original Complaint will cure this jurisdictional defect. Thus, this Court should deny Okon's request to file an amended complaint because such amendment is futile.

## III.
## CONCLUSION AND PRAYER

For the foregoing reasons, The Club respectfully requests that the Court grant its Motion to Dismiss, dismiss each of Plaintiff Louis Okon's claims asserted against it *with prejudice*, and grant The Club any and all other and further relief to which it may show itself to be justly entitled.

Respectfully submitted,

**THOMPSON, COE, COUSINS & IRONS, LLP**

By: */s/ James L. Sowder*
    James L. Sowder
    State Bar No. 18863900
    jsowder@thompsoncoe.com
    R. Stephen Earnest
    State Bar No. 24133487
    searnest@thompsoncoe.com

Plaza of the Americas
700 N. Pearl Street, 25th Floor
Dallas, Texas 75201-2832
Telephone:   (214) 871-8200
Facsimile:    (214) 871-8209

-and-

**CARROLL MALONEY HENRY & NELSON, PPLC**

By: */s/ Collin M. Maloney*
    Otis W. Caroll
    State Bar No. 03895700
    otis@cmhnlaw.com
    Collin M. Maloney
    State Bar No. 00794219
    collin@cmhnlaw.com
    Mandy C. Nelson
    State Bar No. 24055270
    mandy@cmhnlaw.com

1327 Dominion Plaza, Suite 100

Tyler, Texas 75703
Telephone:	(903) 561-1600

**Attorneys for Defendant
Hide-A-Way Lake Club, Inc.**

## CERTIFICATE OF SERVICE

I hereby certify that, on August 19, 2024, a true and correct copy of the foregoing document was served upon all known parties in accordance with the Federal Rules of Civil Procedure.

*/s/ James L. Sowder*
James L. Sowder