IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| LOUIS OKON, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | |
| | § | CASE NO. 6:24-CV-224-JCB-KNM |
| HIDE-A-WAY LAKE CLUB, INC., | § | |
| | § | |
| *Defendant.* | § | |
| | § | |

**REPORT AND RECOMMENDATION OF**
**THE UNITED STAETS MAGISTRATE JUDGE**

Before the Court is Defendant Hide-A-Way Lake Club's Motion to Dismiss. Doc. 6. Defendant seeks dismissal of the claims brought by Plaintiff Louis Okon pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). Having considered the parties' pleadings and the relevant law, the Court **RECOMMENDS** Defendant's Motion to Dismiss (Doc. 6) be **GRANTED** and the case be **DISMISSED** with prejudice for failure to state a claim.

**BACKGROUND**

Defendant Hide-A-Way Lake Club is a nonprofit corporation and homeowners' association ("HOA") located in Hideaway, Texas. Doc 1 at 2; Doc. 6-1 at 4. According to Plaintiff Louis Okon, the Club has same boundaries and principal place of business as the City of Hideaway. Doc. 1 at 4. Okon alleges that very few municipal services in Hideaway are provided by the City. *Id.* Instead, the Club provides various services and amenities like security, street patrols, emergency services, and parks and recreational facilities. *Id.* Okon claims that the Club's responsibility for these services, as well as its close relationship with the City, make it a state actor. *Id.* at 3.

In addition to its alleged municipal functions, the Club also apparently manages several lakes that Hideaway residents, including Okon, use for recreation. *Id.* at 5. Okon alleges that until recently he and his family enjoyed "wake surfing" on these lakes. *Id.* As described by Okon, wake surfing is very similar to wake boarding. *Id.* However, instead of holding onto a rope while being pulled by a boat, a wake surfer lets go and "surfs along the wave behind the boat." *Id.* Okon alleges that after several years of using a neighbor's boat to wake surf, he purchased his own "wake-surfing boat" in 2020. *Id.* Okon claims the boat "is equipped with surfing technologies including ballasts and wake tabs which are used to shape and control the direction of the wake." *Id.* at 5.

According to Okon, in 2023, other Hideaway residents started complaining that wake surfing was eroding their "sea walls." *Id.* at 7. Okon asserts there is no "credible basis or evidence" that wake surfing has caused Hideaway properties to deteriorate or that wake-surfing causes more damage than other water sports. *Id.* Nevertheless, the Club responded to the complaints by adopting new rules to prevent damaging waves. *Id.* at 8–9; Doc. 6-1 at 84. To accomplish this goal, the Club banned "wake surfing and artificial enhancement of waves" on Hideaway lakes. Doc. 1 at 9; Doc. 6-1 at 84. Okon alleges the Club also banned "boats 22' and larger…with V-Shaped Hull[s] or similar configurations," as well as "boats that produce artificial wake enhancement." Doc. 1 at 8. However, the Club apparently carved out an exception for boats already registered at the time the new rules were adopted. *Id.* As a result, Okon can still use his boat on Hideaway lakes, but he and his family can no longer wake surf.

Okon claims the Club's new rules violate his federal constitutional rights. Specifically, Okon alleges the rules (1) violate the Equal Protection Clause, (2) are void for vagueness under the Due Process Clause, (3) infringe on his Substantive Due Process rights, and (4) are invalid under the dormant Commerce Clause. Invoking this Court's federal-question jurisdiction, Okon

2

brings claims under 42 U.S.C. § 1983 and Article I, § 19 of the Texas Constitution. Okon seeks damages as well as declaratory and injunctive relief.

Hide-A-Way Lake Club moved to dismiss Okon's complaint for lack of subject-matter jurisdiction and failure to state a claim. *See* Doc. 6. The Club argues it is not amenable to suit under § 1983 because the evidence it submitted with its motion conclusively establishes that it is a private entity, not a state actor. *Id.* 6 at 4. Alternatively, the Club argues Okon's complaint should be dismissed under Federal Rule of Civil Procedure 12(b)(6) because he fails to plausibly allege a violation of the federal or Texas Constitution. *Id.* at 7.

## STANDARD OF REVIEW

### I.     Fed. R. Civ. P. 12(b)(1)

Federal courts are courts of limited jurisdiction. *ESI/Emp. Sols., L.P. v. City of Dallas*, 450 F. Supp. 3d 700, 712 (E.D. Tex. 2020) (quoting *Gunn v. Minton*, 568 U.S. 251, 256 (2013)). Every claim is presumed to lie outside this limited jurisdiction until proven otherwise. *Thurmond v. Compaq Computer Corp.*, 171 F. Supp. 2d 667, 671 (E.D. Tex. 2001) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)). The burden of rebutting this presumption rests with the party invoking the court's jurisdiction. *Id.* (quoting *Kokkonen*, 511 U.S. at 377) Federal courts have an "an independent obligation to determine whether subject-matter jurisdiction exists," but "a defendant may also challenge the court's subject matter jurisdiction by filing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(1)." *ESI/Emp. Sols.*, 450 F. Supp. 3d at 712 (quoting *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006)).

A defendant's challenge to a federal court's subject matter jurisdiction may be based on "the sufficiency of the facts pleaded in the complaint (a 'facial' attack)" or "the accuracy of the facts underpinning the claimed federal jurisdiction (a 'factual' attack)." *Id.* "An attack is 'factual'

rather than 'facial' if a defendant 'submits affidavits, testimony, or other evidentiary materials." *Superior MRI Servs., Inc. v. All. Healthcare Servs., Inc.*, 778 F.3d 502, 504 (5th Cir. 2015) (quoting (*Paterson v. Weinberger*, 644 F.2d 521, 523 (5th Cir.1981)). In the case of a factual attack, "the district court is empowered to consider matters of fact which may be in dispute." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) (citing *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir.1981)). Ultimately, the party asserting jurisdiction "must prove by a preponderance of the evidence that the court has jurisdiction based on the complaint and evidence." *Ballew v. Cont'l Airlines, Inc.*, 668 F.3d 777, 781 (5th Cir. 2012) (citing *Paterson*, 644 F.2d at 523).

## II. Fed. R. Civ. P. 12(b)(6)

Federal Rule of Civil Procedure 8(a)(2) requires that a pleading stating a claim for relief contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). A party's complaint must set forth plausible, not merely possible, claims. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

Under Rule 12(b)(6), a party can move for the dismissal of asserted claims for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). In considering a Rule 12(b)(6) motion to dismiss, "[t]he 'court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'" *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir.2004)). But the court will "not look beyond the face of the pleadings to determine

4

whether relief should be granted based on the alleged facts." *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999).

## DISCUSSION

### I. Section 1983 Claim

"When a Rule 12(b)(1) motion is filed in conjunction with other Rule 12 motions, the court should consider the Rule 12(b)(1) jurisdictional attack before addressing any attack on the merits." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001). The Court will therefore address Hide-A-Way Lake Club's jurisdictional challenge first.

#### a. Subject Matter Jurisdiction

The Club argues the Court lacks subject-matter jurisdiction because it is private entity and therefore not subject to suit under § 1983. It is true that to prevail on a §1983 claim a plaintiff must show that the defendant is "a 'person' acting 'under color of' state law." *Doe v. United States*, 831 F.3d 309, 314 (5th Cir. 2016) (quoting 42 U.S.C. § 1983). But an attack on the merits of a claim generally does not deprive the court of authority to decide the claim. *ESI/Emp. Sols.*, 450 F. Supp. 3d at 715 (citing *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 89 (1998)). "Dismissal for lack of subject-matter jurisdiction because of the inadequacy of the federal claim is proper *only* when the claim is 'so insubstantial, implausible, foreclosed by prior decisions of [the Supreme] Court, or otherwise completely devoid of merit as not to involve a federal controversy.'"[1] *Steel Co.,* 523 U.S. at 89 (quoting *Oneida Indian Nation of N.Y. v. Cnty. of Oneida*, 414 U.S. 661, 666 (1974)) (emphasis added). This standard "is a rigorous one and if there is any foundation of

---

[1] This rule, known as the substantiality doctrine, has been heavily criticized. *See, e.g.*, *Hagans v. Lavine*, 415 U.S. 528, 538 (1974); *Yazoo Cnty. Indus. Dev. Corp. v. Suthoff*, 454 U.S. 1157, 1160 (1982) (Rehnquist, J., dissenting from denial of writ of certiorari). The Supreme Court itself has acknowledged that the substantiality doctrine is "a maxim more ancient than analytically sound." *Rosado v. Wyman*, 397 U.S. 397, 404 (1970). And a panel of the Eleventh Circuit recently called on the Court to dispense with the doctrine altogether. *See Resnick v. KrunchCash, LLC,* 34 F.4th 1028, 1042 (11th Cir. 2022) (Newsom, J., concurring). Still, the substantiality doctrine remains binding Supreme Court precedent. *See, e.g., Steel Co.*, 523 U.S. at 89; *Hagans*, 415 U.S. at 538.

5

plausibility to the claim federal jurisdiction exists." *Michael v. Boutwell*, 138 F. Supp. 3d 761, 776 (N.D. Miss. 2015) (quoting *Southpark Square Ltd. v. City of Jackson*, 565 F.2d 338, 342–343. (5th Cir.1977)).

A defendant may submit evidence to show a federal claim is insubstantial, but such evidence will defeat jurisdiction only if it is "so overwhelming that the district court might properly label 'frivolous' the invocation of federal jurisdiction." *Fragumar Corp., N.V. v. Dunlap*, 685 F.2d 127, 129 (5th Cir. 1982) (citing *Williamson*, 645 F.2d at 419 n. 12). This requires "an evidentiary record revealing 'no evidence from which reasonable persons might draw conflicting inferences about the facts." *Michael*, 138 F. Supp. 3d at 782 (quoting *Templet v. HydroChem Inc.*, 367 F.3d 473, 480 (5th Cir.2004). "If, however, there is any substance at all to the claim, the court has jurisdiction." *Fragumar Corp.*, 685 F.2d at 129.

*Michael v. Boutwell* demonstrates just how difficult it is for a defendant to prevail on a jurisdictional challenged based on the merits of a claim. There, defendants also challenged the court's subject-matter jurisdiction over a § 1983 claim on the grounds that they were not state actors. *Michael*, 138 F. Supp. 3d at 775. In analyzing this argument, the court observed that § 1983 claims are usually only dismissed for lack of subject-matter jurisdiction when there is "a *complete* lack of allegations regarding state action." *Id.* at 778 (emphasis in original). The plaintiffs in *Michael*, in contrast, alleged specific facts that supported their argument that defendants were state actors. *Id.* at 779. The court therefore found that the allegations in the complaint were sufficient to survive a facial attack on jurisdiction. *Id*. The court in *Michael* also rejected defendants' evidentiary attack even though the evidence supporting one of the plaintiffs' state action theories was "so weak as to border on nonexistent." *Id.* at 782.

6

Here, Hide-A-Way Lake Club's jurisdictional challenge fails for the same reasons the jurisdictional challenge in *Michael* failed. First, Okon alleges facts that support his state actor argument. Notably, Okon alleges that the Club is responsible for security in Hideaway, including patrolling the City's streets. *See* Doc. 1 at 4. The Supreme Court has recognized that the acts of a private entity may amount to conduct under color of state law if the private entity discharges a public function. *See Brentwood Acad. v. Tennessee Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 296 (2001). In *Flagg Bros, Inc. v. Brooks*, the Supreme Court observed, without deciding, that policing may be among the functions traditionally exclusively reserved to government entities. *See* 436 U.S. 149, 163 (1978). Indeed, at least one circuit court of appeals has held that an HOA-like organization was a state actor when it assumed responsibility for patrolling public streets. *See Watchtower Bible and Tract Society of N.Y., Inc. v. Sagardia De Jesus*, 634 F.3d 3, 10 (1st Cir. 2011). Second, the evidence offered by the Club does not contradict Okon's allegations. In fact, in her affidavit, Joan Hayes confirmed the Club "engaged a private security company to patrol the streets within the boundaries of the Club." Doc. 6-1 at 5.

Additionally, Okon alleges that the City and the Club share the same principal place of business. *See* Doc. 1 at 4. This allegation supports Okon's theory that the City and Club are so "entwined" as to make the Club a state actor. *See id.* at 3. *See also Brentwood Acad.*, 531 U.S. at 296 (2001) (citing *Evans v. Newton*, 382 U.S. 296, 299 (1966)) (observing that a private entity's conduct constitutes state action "when government is 'entwined in [the private entity's] management or control"). Whether or not Okon's allegations suffice to plausibly state a claim under § 1983, the allegations and evidence give *some* substance to Okon's claim. This is case is

therefore distinguishable from other § 1983 cases where subject-matter jurisdiction was found lacking due to a defendant's status as a private actor.[2]

The Club nevertheless maintains that Okon's claims lack merit because district courts in the Fifth Circuit generally hold that HOAs are not state actors. The Club cites the holdings of the Northern District of Texas in *Hutton v. Shamrock Ridge Homeowners Ass'n*, No. 3:09-CV-1413-O, 2009 WL 4796626, at *6 (N.D. Tex. Dec. 14, 2009) and the Southern District of Texas in *Reule v. Sherwood Valley I Council of Co-Owners, Inc.*, No. Civ.A. H-05-3197, 2005 WL 2669480, at *5 (S.D. Tex. Oct. 19, 2005). While it may be true that HOAs generally are not state actors, the state-action inquiry is inherently "fact-sensitive," requiring the court to "sift[] facts and weigh[] circumstances." *Turk v. Somervell Cnty. Hosp. Dist.*, No. 6:15-CV-231-RP, 2018 WL 11471883, at *5 (W.D. Tex. Jan. 8, 2018), *report and recommendation adopted*, No. 6:15-CV-231-RP, 2018 WL 2015831 (W.D. Tex. Apr. 30, 2018) (quoting *Burton v. Wilmington Parking Authority*, 365 U.S. 715, 722 (1961)). Here, the Club is distinguishable from the HOAs in the cases it cites because the Club allegedly shares a principal place of business with a municipality and is responsible for public safety and patrolling public streets. Thus, even if the cases cited by the Club were binding on this Court, they would be inapplicable in these circumstances.

It should be noted that at this point the Court is not deciding whether the Club is a state actor or even whether Okon has plausibly alleged it is a state actor. The Court's role at this stage is simply to assess whether "there is any substance at all" to Okon's claim. *Fragumar Corp., N.V.*, 685 F.2d at 129. The allegations in Okon's complaint and the evidence offered by the Club show

---

[2] *See, e.g., Johnson v. De La Garza*, No. 4:17-CV-309, 2017 WL 9285412, at *2 (E.D. Tex. July 17, 2017), *report and recommendation adopted*, No. 4:17-CV-309, 2017 WL 6629133 (E.D. Tex. Dec. 29, 2017) (no subject-matter jurisdiction when plaintiff merely made a bald assertion that defendant acted under color of state law); *Coker v. McGuire*, No. 1:21-CV-386, 2021 WL 6206803, at *2 (E.D. Tex. Nov. 18, 2021), *report and recommendation adopted*, No. 1:21-CV-386, 2022 WL 23164 (E.D. Tex. Jan. 3, 2022) (no subject-matter jurisdiction when plaintiff made no allegations that defendant acted in concert with state actors).

that there is. Accordingly, the Court has subject-matter jurisdiction over this case under 28 U.S.C. § 1331.

### b. Failure to State a Claim under § 1983

Having resolved the Club's jurisdictional challenge, the Court next turns to the Club's argument that Okon's complaint should be dismissed for failure to state a claim. To state a claim under § 1983, Okon must plausibly allege (1) the Club is a state actor and (2) the Club's rules deprived him of his rights under the Constitution or federal law. *Doe*, 831 F.3d at 314 (quoting 42 U.S.C. § 1983). In addition to alleging the Club is a state actor, Okon asserts that the contested rules (1) violate the Fourteenth Amendment's equal protection clause, (2) are void for vagueness under the Fourteenth Amendment's due process clause, (3) deprived him of his substantive due process rights, and (4) are invalid under the dormant Commerce Clause. The Court will address each of these claims in turn, starting with equal protection.

### i. Equal Protection

The Fourteenth Amendment of the United States Constitution provides that no state shall "deny to any person within its jurisdiction the equal protection of the laws." U.S. CONST. amend. XIV § 1. "[W]here equal protection principles apply, unless a 'suspect class or a fundamental right is implicated, the classification need only bear a rational relationship to a legitimate governmental purpose.'" *Jones v. O'Malley*, 107 F.4th 489, 497 (5th Cir. 2024) (quoting *Big Tyme Invs., L.L.C. v. Edwards*, 985 F.3d 456, 468 (5th Cir. 2021)).

Here, Okon identifies no suspect class or fundamental right that is implicated by the Club's rules. In fact, Okon fails to identify any "purposeful discrimination resulting in a discriminatory effect among persons similarly situated." *Muhammad v. Lynaugh*, 966 F.2d 901, 903 (5th 1992) (citing *McCleskey v. Kemp*, 481 U.S. 279 (1987)). This alone is fatal to his equal protection claim.

*See id.* Even if Okon had alleged a discriminatory effect, his equal protection claim would fail because the contested rules are rationally related to the legitimate purpose of protecting lakefront properties in Hideaway from potentially destructive waves. *See also MacDonald v. Newsome*, 437 F. Supp. 796, 800 (E.D. N.C. 1977) (rejecting equal protection challenge to surfing ban after applying rational basis scrutiny).

### ii. Vagueness

Next, the Court turns to Okon's vagueness claim. The prohibition against vague laws is rooted in the Fourteenth Amendment's Due Process Clause, which prohibits the States from "depriv[ing] any person of life, liberty, or property, without due process of law." U.S. CONST. amend. XIV § 1. *See Vill. of Hoffman Ests. v. Flipside, Hoffman Ests., Inc.*, 455 U.S. 489, 497 (1982). "Objections to vagueness under the Due Process Clause rest on the lack of notice and hence may be overcome in any specific case where reasonable persons would know that their conduct is at risk." *SO Apartments, L.L.C. v. City of San Antonio, Texas*, 109 F.4th 343, 352 (5th Cir. 2024) (quoting *United States v. Clark*, 582 F.3d 607, 612–613 (5th Cir. 2009)).

Despite Okon's bald assertion that the contested rules "require one to guess at their meaning," the contested rules are straightforward. A reasonable person can determine from the language of the rules whether their conduct is at risk. Anyone who plans to wake surf or artificially generate waves on Hideaway lakes is on notice that such conduct is plainly prohibited. *See* Doc. 1 at 9. Additionally, anyone with a large boat with a V-shaped hull or a boat with wave-enhancement devices that was not registered when the rules were enacted has notice that their boat is not allowed on the lakes. *See id.* at 8. Okon has therefore failed to plausibly allege that the contested rules are unconstitutionally vague.

10

### iii. Substantive Due Process

The Court next considers Okon's substantive due process claim. "A substantive due process violation is an 'action government officials may not take no matter what procedural protections accompany them.'" *SO Apartments*, 109 F.4th at 352 (quoting *Rosedale Missionary Baptist Church v. New Orleans City*, 641 F.3d 86, 89–90 (5th Cir. 2011)). Substantive due process "prevents the government from engaging in conduct that 'shocks the conscience,' or interferes with rights 'implicit in the concept of ordered liberty.'" *Id.* (quoting *United States v. Salerno*, 481 U.S. 739, 746 (1987)).

Okon does not cite, and the Court is unaware of, any authority that holds that the right to wake surf or use a wave-enhancing boat on a private lake is "implicit in the concept of ordered liberty. *Id. See also MacDonald*, 437 F. Supp. at 798 (holding that a plaintiff did not have a property or liberty interest in surfing in coastal waters). Moreover, the Club's adoption of rules aimed at reducing wave-enhancing activities can hardly be said to "shock the conscience." *SO Apartments*, 109 F.4th at 352. If anything, the Club's rules are fairly mundane. Okon does allege that the Club violated its bylaws when it adopted the contested rules, but those alleged violations implicate Texas corporate law, not the federal constitutional law. *See, e.g.*, *Inge v. Walker*, No. 3:16-CV-0042-B, 2017 WL 4838981, at *2 (N.D. Tex. Oct. 26, 2017) (applying Texas corporate law to claim based on violation of corporate bylaws); *Garcia v. Communities in Sch. of Brazoria Cnty., Inc.*, No. CV H-18-4558, 2019 WL 2420079, at *10 (S.D. Tex. June 10, 2019) (same).

### iv. Dormant Commerce Clause

Finally, the Court turns to Okon's dormant Commerce Clause theory. The Constitution gives Congress the power "to regulate Commerce with foreign Nations, and among the several States." U.S. CONST. art. I, § 8, cl. 3. The Supreme Court has long held that this grant of power to

11

Congress implicitly limits the power of the States. "This negative aspect" of the Commerce Clause, "prevents the States from adopting protectionist measures and thus preserves a national market for goods and services." *NextEra Energy Cap. Holdings, Inc. v. Lake*, 48 F.4th 306, 317 (5th Cir. 2022) (quoting *Tenn. Wine & Spirits Retailers Ass'n v. Thomas*, 588 U.S. 504, 514 (2019)).

Here, the contested rules plainly do not implicate the dormant Commerce Clause. As defendants point out, the rules apply to all people and boats on Hideaway lakes regardless of their states of origin. And Okon has not identified a single way the Club's rules discriminate against or even affect interstate commerce. Consequently, Okon has failed to plausibly allege a violation of the Commerce Clause. *See MacDonald*, 437 F. Supp. at 798 (holding that a plaintiff failed to state a dormant Commerce Clause claim because surfing did not affect interstate commerce).

Because Okon has not plausibly alleged a violation of any right secured by federal law, he has failed to state a § 1983 claim. It is therefore unnecessary for the Court to determine whether Okon has plausibly alleged that the Club is a state actor. Additionally, to the extent his claims for declaratory and injunctive relief are based on alleged violations of the federal Constitution, they also fail. Thus, the Club's motion to dismiss for failure to state a claim should granted with respect to Okon's federal constitutional claims.

**II.    Texas Due-Course Claim**

The Court next turns to Okon's claims under the Due Course Clause of the Texas Constitution ("due-course claim"). *See* TEX. CONST. art. I, § 19. Although Okon does not plead a separate due-course claim in his Complaint, he repeatedly cites Article I, § 19 of the Texas Constitution as a basis for his claims against the Club. *See* Doc. 1 at 10, 11, 14, 16, 23. Because this is a state-law claim, the Court must first determine whether exercising supplemental jurisdiction here is appropriate. As a "general rule," federal courts should "decline to exercise

jurisdiction over pendent state-law claims when all federal claims are dismissed or otherwise eliminated from a case prior to trial." *Batiste v. Island Recs. Inc.*, 179 F.3d 217, 227 (5th Cir. 1999). However, "this rule is neither mandatory nor absolute." *Id.*

In determining whether to exercise supplemental jurisdiction, courts in the Fifth Circuit weigh several factors, starting with those set forth in 28 U.S.C. § 1367(c). *See Enochs v. Lampasas Cnty.*, 641 F.3d 155, 158–159 (5th 2011). That section provides that a federal court may decline to exercise supplemental jurisdiction over a state-law claim if "(1) the claim raises a novel or complex issue of state law, (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction, (3) the district court has dismissed all claims over which it has original jurisdiction, or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction." *ESI/Emp. Sols.*, 450 F. Supp. 3d at 728 (citing 28 U.S.C. § 1367(c)). "Courts should also consider the common law factors of 'judicial economy, convenience, fairness, and comity' when determining whether to retain supplemental jurisdiction over a state law claim." *Id.* (citing *Enochs*, 641 F.3d at 159).

Here, the factors are split. The novelty and complexity factor and the exceptional circumstances factor weigh in favor of retaining jurisdiction. "While the Texas Constitution is textually different in that it refers to 'due course' rather than 'due process,' [the Texas Supreme Court] regard[s] these terms as without meaningful distinction." *Univ. of Texas Med. Sch. at Houston v. Than*, 901 S.W.2d 926, 929 (Tex. 1995) (citing *Mellinger v. City of Houston*, 3 S.W. 249, 252–53 (1887)). Thus, under current Texas law, Okon's due-course claim would be subject to the same analysis as his federal due-process claim. *See id.* (citing *Mellinger v*, 3 S.W. at 252–53). Additionally, there are no exceptional circumstances that compel the Court to decline to exercise supplemental jurisdiction.

13

The convenience and fairness factors, however, are neutral. This dispute arose in Hideaway, which is located in Smith County, Texas. If Okon were to bring his claim in state court, it would be litigated in state court in Tyler, Texas. The state courts in Smith County and this Court are equally convenient forums for the parties and witnesses. Turning to the fairness factor, it does not appear either party would be prejudiced by one forum or the other.

Finally, two factors counsel against retaining jurisdiction. First, if all of Okon's federal claims are dismissed, then state claims will naturally predominate. As discussed above, this gives rise to a presumption that the Court should decline supplemental jurisdiction. Furthermore, the comity factor strongly weighs in favor of declining supplemental jurisdiction. As a general matter, Texas state courts are better equipped to adjudicate claims based on Texas law. And principles of comity suggest that federal courts should be especially hesitant to adjudicate a claim based on a state's constitution. It should also be noted that the meaning and scope of the Texas Constitution's due-course clause has recently been questioned. *See Texas Dep't of State Health Servs. v. Crown Distrib., LLC*, 647 S.W.3d 648, 664 (Tex. 2022) (Young, J., concurring). Comity demands that questions involving the Texas Constitution be left to Texas state courts to answer where possible.

In sum, the § 1367(c) and common law factors are split on whether the Court should exercise supplemental jurisdiction over Okon's due-course claim. However, considerations of comity, along with the presumption that federal courts should decline jurisdiction when all federal claims are dismissed, strongly counsel against assuming jurisdiction. Accordingly, the Court should dismiss Okon's due-course claim without prejudice.

## CONCLUSION

Based on the foregoing, the Court **RECOMMENDS** Defendant Hide-A-Way Lake Club's Motion to Dismiss (Doc. 6) be **GRANTED**. Plaintiff Louis Okon's § 1983 claims and claims for

injunctive and declaratory relief should be **DISMISSED without prejudice** for failure to state a claim upon which relief can be granted. To the extent Okon asserts a claim under Article I, § 19 of the Texas Constitution, the Court should decline jurisdiction, and the claim should also be **DISMISSED without prejudice**.

Within fourteen (14) days after service of the magistrate judge's report, any party must serve and file specific written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.

Failure to file specific, written objections will bar the party from appealing the unobjected-to factual findings and legal conclusions of the magistrate judge that are accepted by the district court, except upon grounds of plain error, provided that the party has been served with notice that such consequences will result from a failure to object. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

So ORDERED and SIGNED this 20th day of November, 2024.

_____
K. NICOLE MITCHELL
UNITED STATES MAGISTRATE JUDGE